Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-CR-00294-IM |
| Plaintiff, | |
| vs. | DECLARATION OF ANDREW M. KOHLMETZ IN SUPPORT OF DEFENDANT'S FIFTH UNOPPOSED MOTION TO CONTINUE/RESET TRIAL DATE AND WAIVER OF SPEEDY TRIAL |
| JOSEPH JAMES YBARRA, | |
| Defendant. | |

The undersigned, Andrew M. Kohlmetz, CJA appointed counsel for the defendant herein, hereby swears and affirms under penalty of perjury that the following is true and correct:

1)      I am an attorney licensed to practice in the State of Oregon and admitted to practice before this Court.

2)      I was appointed counsel for defendant in this prosecution pursuant to the Criminal Justice Act, 18 U.S.C. 3006A by Order of the Honorable Youlee Y. You dated August 6, 2020.

3)      I make this Declaration in support of the concurrently filed Fifth Unopposed Motion to Continue/Reset Trial Date and Waiver of Speedy Trial.

DECLARATION IN SUPPORT OF DEFENDANT'S FIFTH UNOPPOSED MOTION TO
CONTINUE/RESET TRIAL DATE                                                                                                                - 1
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307

4)  The defendant was arrested and made his first appearance on a Complaint on July 22, 2020. He was ordered detained at that appearance and, has remained detained on this case since that time for a total of 448 days through October 12, 2021.

5)  The defendant was arraigned on the Indictment herein on August 24, 2020. He is charged with one count of attempted arson of a federal building pursuant to 18 U.S.C. § 844(f)(1). The charge carries a mandatory five-year sentence of imprisonment upon conviction.

6)  From the date of his Indictment arraignment, through his first waiver of speedy trial rights filed on October 12, 2020, 50 days have tolled under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

7)  I received a single discovery production on October 7, 2020. It consists of approximately 35 pages of reports as well as a number of surveillance videos depicting the alleged scene and criminal acts. This discovery production also contains audio-taped interviews of the defendant.

8)  Based on my review of the discovery and conversations with my client, I have been and continue to utilize the services of a defense investigator to assist me in both a factual as well as a mitigation investigation. Although indicted as a discrete event, the acts underlying the defendant's criminal prosecution arose out a chaotic and turbulent night of protest activity outside the federal courthouse. Based upon an ongoing defense investigation I have a good faith belief that the government and non-government entities may be in possession of additional relevant materials pertinent to these charges, including additional video surveillance and reports, which may document additional witnesses to Mr. Ybarra's alleged actions on the evening leading up to his arrest. I have conferred with AUSA Singh, and continue to work with the defense investigator in this regard.

9) I also know from the defense investigation that there are numerous witnesses to the alleged acts of the defendant both immediately prior to and during the events that have given rise to the charges herein. I know that that there are additional relevant video and audio recordings of the protest activities in the hours prior to and during the alleged criminal conduct herein. My investigator and I have screened some such videos and intend to screen additional video evidence in an attempt to locate footage relevant to the defendant and his case. Many of the witnesses are and may be identifiable, both through public records – such as records of arrest or prosecution, as well as through open-source investigation – such as public social media postings and commentary pertaining to the protests. My investigator continues to attempt to identify and interview witnesses to the events related to the defendant's charges.

10) Based on my review of the discovery, the defense investigation, and conversations with my client, I believe that the defendant was likely, at the time of the alleged offense, suffering from one or more mental health conditions. I am working with an expert in this regard. This work was complicated and delayed by a number of factors including COVID-19 related-restrictions on personal contact and interviews, defendant's custodial location at the NORCOR facility some 75 miles from Portland, and the need to procure a variety of out-of-state records pertaining to the client.

11) The defense case preparation has also been hampered by Mr. Ybarra's mental state. For two significant periods since my representation Mr. Ybarra has exhibited symptoms of mental illness significant enough that his ability to aid and assist in his defense became subject to question. Most likely as a result of a serious mental illness, he has also proven to be somewhat incapable of providing accurate historical information relating to his personal history.

DECLARATION IN SUPPORT OF DEFENDANT'S FIFTH UNOPPOSED MOTION TO
CONTINUE/RESET TRIAL DATE - 3
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307

12) Shortly before the third trial continuance herein, the defense expert completed and provided me a draft comprehensive report of psychological evaluation of the defendant. After the third trial continuance was granted, I reviewed the report and conferred with both my client and the expert as to its contents and conclusions. The report was then finalized and resubmitted to me for review. After reviewing the final report and in the context of plea negotiations, I provided the expert's report to the government. The report is relevant both to issues at trial regarding the defendant's mental state at the time of the alleged offense, and also contains additional significant mitigation information concerning the defendant.

13) I have been in communication with AUSA Parakram Singh. I am informed that the government is still reviewing and analyzing the report. Nonetheless, as a result of the report, active plea negotiations between the parties are continuing. I am informed by the government that a preliminary plea offer is in the process of being approved by DOJ officials in Washington D.C. Mr. Singh indicates we should be able to have a plea offer in place by the end of November.

14) The defendant also has open criminal cases in Multnomah and Marion county state courts. Because of the defendant's mental health status and needs, all parties are participating in negotiations with an eye to crafting a global resolution of the defendant's outstanding Oregon criminal cases both federal and local. This process is ongoing.

15) The defense requires additional time to prepare this case both for trial and to allow for continuing pre-trial negotiations for the following reasons: The need to continue to review and analyze the discovery received to date; the need to review and analyze relevant video and audio evidence relating to the events in question; the defense need to continue to conduct an appropriate factual investigation into the charges; the government's need to adequately review

DECLARATION IN SUPPORT OF DEFENDANT'S FIFTH UNOPPOSED MOTION TO
CONTINUE/RESET TRIAL DATE - 4

The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307

the defense expert's mental health defense report and related mitigation materials, the need to prepare a response to the government's position vis a vis the defense's mental health expert (if appropriate); and, the defense need to conclude global settlement negotiations with the government.

16) I have discussed the proposed continuance and the reasons therefore with my client. He agrees to the requested continuance and consents to a finding of excludable delay for purposes of the Speedy Trial Act between the current trial date and the next date selected for trial.

17) I have conferred with AUSA Parakram Singh and he has no objection to the instant motion.

RESPECTFULLY SUBMITTED this 12th day of October, 2021.

*Andrew Kohlmetz*
Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Ybarra

DECLARATION IN SUPPORT OF DEFENDANT'S FIFTH UNOPPOSED MOTION TO
CONTINUE/RESET TRIAL DATE                                                                 - 5
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307