Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH JAMES YBARRA,<br><br>    Defendant. | Case No. 3:20-CR-00294-IM<br><br>DEFENDANT'S SENTENCING MEMO<br><br>Sentencing Hearing: April 18, 2022, at 10:00 a.m. |

## I.   BACKGROUND.

On January 20, 2022, pursuant to a plea agreement with the government, Mr. Ybarra pleaded guilty to the single count of the Indictment herein: Attempted Arson of a Federal Building. The defendant appears before the court for sentencing out of custody. A Presentence Report has been prepared and there are no objections thereto.

## II.   THE SENTENCING GUIDELINES CALCULATIONS.

The Presentence Report accurately calculates the defendant's sentencing guidelines and criminal history category scores. The total offense level is 17 and the criminal history category is

I. Pursuant to the plea agreement the parties have agreed to a two-level downward variance in the offense level to 15. The sentencing guidelines range calls for 18-24 months imprisonment.

### III.  THE PARTIES' SENTENCING RECOMMENDATIONS.

Pursuant to the plea agreement, the parties are jointly recommending a sentence of time-served to be followed by three years of. Given the defendant served over 19 months in pre-trial detention prior to his release to the NWRRC, this recommendation amounts to a sentence within the guidelines range as agreed upon by the parties.

### IV.  ARGUMENTS IN SUPPORT OF A REDUCED SENTENCE.

This was not a protest case. Mr. Ybarra had no political agenda. He was not involved in any way in the broader protest activity that occurred her in Portland during the Summer of 2020. Instead, suffering from active symptoms of his schizophrenia, compounded by his use of marijuana and methamphetamine, Mr. Ybarra made his way to Portland on the evening of July 21, 2020. His purpose was to try to clear a then active warrant for his arrest on his pending Multnomah County UUV case. (PSR ¶ 35) After arriving by Greyhound bus from Seattle, Mr. Ybarra made his way to downtown Portland which was in the throes of tumultuous protesting and rioting throughout the evening and into the early morning hours of July 22. Unable to navigate barriers and crowds in front of the Multnomah County Justice Center and the Federal Courthouse, Mr. Ybarra became swept up in the boisterous crowd.

Mr. Ybarra's offense occurred only a few hours after his arrival in Portland, at around 3:15 a.m. on July 22, 2020.  At the time of his offense he was suffering from psychotic symptoms of his schizophrenia. For some months after his arrest Mr. Ybarra's continuing mental

health symptoms called into some doubt his ability to aid and assist in his case. After stabilizing on anti-psychotic medications while in jail his symptoms gradually abated.

While the device that was handed to Mr. Ybarra is referred to in the PSR as a Molotov cocktail, review of the surveillance video of the incident demonstrates conclusively that there was little, if any alcohol or other ignitable liquid in the bottle at the time Mr. Ybarra tossed it. Lab tests performed on the bottle also did not turn up any identifiable ignitable liquids.

His actions on the night of July 21 and 22 are best explained as the impulsive and unthinking actions of a young mean beset by mental illness. This was most certainly not a politically motivated act of terrorism.

Since being released on February 23, 2022, to the NWRRC, "The defendant has not presented with any issues… and appears to be adjusting well." (PSR ¶ 10) There is no need for an extended custodial sentence.

### V.    CONCLUSION.

The particular nature and circumstances of this offnse, Mr. Ybarra's mental illness, sad childhood and history as a young adult, and his success since being released to the NWRRC all demonstrate that the parties agreed-upon recommendation of a time-served, within guidelines sentence is appropriate and "sufficient, but not greater than necessary" to achieve the purposes of sentencing herein. 18 U.S.C. §3553(a).

RESPECTFULLY SUBMITTED this 12th day of April, 2022.

*Andrew Kohlmetz*
Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Ybarra